UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00450-H

BRIAN and MICHELLE SADLER                                                                     PLAINTIFFS
Individually and on behalf of their
minor child, B.S.

V.

ADVANCED BIONICS, LLC                                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs make an Emergency Motion to Alter the Judgment of this Court issued on March 8, 2013. In support, Plaintiffs argue that this Court made a material inconsistency in its judgment sufficient to justify the Court entering an amended judgment. However, Plaintiffs' reading of the Court's decision is too cursory, and the Court denies the motion.

Plaintiffs' argument pertains to two holdings in the March 8 Opinion. First, the Court held that the Federal Food, Drug, and Cosmetic Act ("FDCA") does not preempt Plaintiffs' claims arising from 21 C.F.R. § 820.30(g), which requires manufacturers to conduct testing under actual or simulated use conditions, under both strict liability and negligence causes of action. ECF No.162, 20-24. Second, the Court held that the FDCA does preempt Plaintiffs' negligence claim based on Advanced Bionics' failure to conduct life cycle testing, due to Plaintiffs' failure to cite any federal regulations that require life cycle testing. *Id.* at 27-28. Because the life cycle testing is the type of "actual or simulated use" testing Plaintiffs contend Advanced Bionics should have undertaken to ensure the safety of the HiRes 90k, Plaintiffs argue that the Court's two holdings are inconsistent.

The Court disagrees. Plaintiffs have indeed failed to cite to a specific federal regulation that

required Advanced Bionics to engage in life cycle testing. None of the federal regulations they cite even mention life cycle testing. For this reason, that claim is preempted. However, a specific federal regulation does require actual or simulated use condition testing. *See* 21 C.F.R. § 820.30(g). For the reasons explained in this Court's opinion, claims based on this federal regulation are not preempted when brought under products liability or negligence causes of action. The regulation does not define "actual or simulated use condition" testing as life cycle testing, so the two are not one in the same.

However, that the life cycle testing claim is preempted does not necessarily prohibit Plaintiffs from presenting evidence that life cycle testing would have been the appropriate "actual or simulated use" testing to support the products liability or negligence actions that survived preemption on the theory that Advanced Bionics violated 21 C.F.R. § 820.30(g).[1]

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion to Alter Judgment is DENIED.

cc: Counsel of Record

---

[1] The Court finds this result entirely consistent with the relevant portion of Judge Jon McCalla's decision that was previously provided to this Court, *Purchase v. Advanced Bionics, LLC*, No. 2:08-cv-02442-JPM (W.D. Tenn. Aug. 4, 2011).