UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-450-R

BRIAN and MICHELLE SADLER,
Individually and on behalf of their Minor
Child, B. S.                                                                                                    PLAINTIFFS

V.

ADVANCED BIONICS, LLC                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court has ruled on a number of motions *in limine* pertaining to this product liability and negligence suit in preparation for trial. The Court continues that effort now. The Court will address four motions *in limine* in this Order.

I.

Plaintiffs moved for the Court to deem certain requests for admission admitted and to compel answers to certain interrogatories. Although this motion refers to pleadings filed much earlier in this litigation, the Court nevertheless finds the substance of this motion relevant at this advanced stage, such that the Court will rule on the particular requests within the motion.

Plaintiffs glean the first set of requests from the their fourth set of interrogatories. First, Plaintiffs requested that Advanced Bionics admit that the "implantation of the HiRes 90k resumed on November 2, 2004." ECF No. 78-7. In a supplemental response, Advanced Bionics denied the statement, stating that its records indicate that physicians did not resume implanting until November 8, 2004. The Court finds that Advanced Bionics sufficiently answered this request for admission, and will deny Plaintiffs' request that the Court deem this statement admitted. *Id.*

Second, in their Request for Admission Number 11, Plaintiffs urge Advance Bionics to admit

that "clinicians were not advised by the Defendant that the device was not tested under conditions that mimicked the human body." *Id.* Advanced Bionics responded that "[q]ualification testing for the HiRes 90k did in fact include testing in saline that could be considered to be an environment that mimicked the human body." *Id.* The Court finds this response a sufficient explanation as to why Advanced Bionics cannot admit or deny this statement outright. Accordingly, the Court denies Plaintiffs' request as to this statement.

Third, Plaintiffs Request for Admission Number 15 entreated Advanced Bionics to concede that the "2004 recall deemed 'voluntary' was actually forced by the FDA." *Id.* Advanced Bionics initially denied the request, ECF No. 78-1, and in a letter to Plaintiffs' attorney, later clarified that any idea that the 2004 recall was forced comes from an opinion from Advanced Bionics' former CEO, Al Mann. However, the fact remains that any recall not imposed by the FDA is considered voluntary, as is the case here. ECF No.78-5. The Court finds the initial denial of the statement sufficient to respond to Plaintiffs' request, and the additional clarification exceeded Advanced Bionics' minimum obligations. The Court is prepared to hear any arguments undermining Advanced Bionics' position in this regard at trial. Accordingly, Plaintiffs' motion as to this statement is denied.

Turning now to Plaintiffs' sixth set of interrogatories, Plaintiffs ask the Court to deem one statement admissible and compel the response to another. First, in their Request for Admission Number 4, Plaintiffs requested that Advanced Bionics admit that "[t]he attached chart is accurate and correct." ECF 78-2. Advanced Bionics responded that some of the words in the chart were undefined, but then denied that the chart is accurate and correct. In its answer to the next request, Number 5, Advanced Bionics further explained that it objected to the request because the chart

"improperly attempts to establish a legal conclusion." *Id.* This complies with Advanced Bionics' obligations under Fed. R. Civ. P. 33(b). Therefore, the Court will deny Plaintiffs' motion as to this statement.

Second, Plaintiffs seek to have the Court compel Advanced Bionics to respond to its Interrogatory Number 2, according to which they request "device serial numbers on all devices manufactured between the September 2004 recall and the day shipment resumed in November of 2004." Advanced Bionics, in its corrected response, provided Plaintiffs with the number of devices manufactured during this period, but refused to provide the serial numbers. Plaintiffs seek the serial numbers to prove that Advanced Bionics manufactured devices during a time when no manufacturing was to occur. The Court finds that Advanced Bionics' response in the form of the number of devices manufactured during this time is adequate to answer the substance of Plaintiffs' request. Advanced Bionics maintains that the serial numbers are irrelevant as evidence, because Plaintiffs have not alleged that Advanced Bionics manufactured B.S.'s device during this time. In fact, it is undisputed that Advanced Bionics manufactured her device in 2005. The Court agrees. Therefore, the request for the serial numbers of these devices is not "reasonably calculated to lead to the discovery of admissible evidence," and Advanced Bionics is under no obligation to produce that evidence. FED. R. CIV. P. 26(b)(1).

In sum, each of Plaintiffs' requests in this motion are denied. Accordingly, the Court will not award Plaintiffs attorney's fees for this motion.

II.

Plaintiffs' next motion concerns informal FDA comments. In the course of fulfilling its mandate under the Food, Drug, and Cosmetic Act, the FDA conducted investigations of Advanced

Bionics facilities and examinations of the failed devices individuals returned to Advanced Bionics after explantation. In 2004, FDA inspectors concluded that the explanted devices failed due to moisture being sealed in the device during its manufacture. FDA inspectors made statements to this effect to Advanced Bionics employees ("2004 statements"). In the 2007 FDA investigation following the 2006 HiRes 90k recall, a FDA investigator told Advanced Bionics employees that he had orders from Washington to find at least five regulatory violations at the company ("2007 statements"). Advanced Bionics intends to submit the 2004 and 2007 statements to the jury, and Plaintiffs have moved to exclude this evidence as hearsay and irrelevant. The Court agrees that this evidence is inadmissible.

Hearsay is a statement that "the declarant does not make while testifying at the current trial or hearing," and "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801. While Advanced Bionics states that it is not offering these statements for the truth of the matter asserted, Advanced Bionics makes clear that the 2004 statements are meant to show that Advanced Bionics' actions were reasonable, and that diagnosing the leak problem was difficult. Moreover, Advanced Bionics admits that the 2007 statements are meant to prove that the FDA inspector had an intent to find a number of violations. Therefore, these statements are being offered for their truth.

Even if these statements are hearsay, Advanced Bionics contends that these statements fall into the state of mind or present sense impression exceptions. Advanced Bionics claims that the 2004 statements are present sense impressions under Fed. R. Evid. 803(1). According to this rule, present sense impressions are reliable, because there is "substantial contemporaneity of event and statement [that] negate[s] the likelihood of deliberate or conscious misrepresentation." FED. R.

4

EVID. 803(1) advisory committee notes. The timeliness of the 2004 statements is unclear from Advanced Bionics' recitation of events. Apparently, some of these statements were made at a later meeting in Washington, D.C., which certainly would not comply with the contemporaneity requirement for this exception. Moreover, Advanced Bionics has failed to indicate who said what particular statements, although it names Norman Wong as one of the speakers. This Court is hesitant to admit evidence under this exception when it is unclear whose present sense impression the statement reflects and when the unknown speakers made these statements. For these reasons, the Court will not exclude the 2004 statements from the hearsay bar under Fed. R. Evid. 803(1).

Advanced Bionics further argues that the 2007 statements are admissible under the state of mind hearsay exception. In Fed. R. Evid. 803(3), statements "of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional, sensory or physical condition (such as mental feeling, pain or bodily health)" are excluded from the hearsay prohibition, but this exception does not include statements "of memory or belief to prove the fact remembered or believed". FED. R. EVID. 803(3). These statements may show motive or intent, but Advanced Bionics does not account for the fact that these statements are double hearsay. First, an original speaker made the comment to the declarant. The declarant then informed the Advanced Bionics representative. Finally, the Advanced Bionics representative will testify to the statement. While the state of mind exception *may* cover the declarant's statement to the Advanced Bionics representative, this exception does not include the statement from the original speaker to the declarant. Therefore, Advanced Bionics has not shown that the 2007 statements are admissible hearsay.

Even if these statements are not hearsay, the Court finds them inadmissible under other rules.

5

As to the 2004 statements, the FDA's remarks that moisture being sealed into the device during its manufacture are unnecessarily cumulative, and therefore inadmissible under Fed. R. Evid. 403. These beliefs are contained within the Form 483 and 2005 Warning Letter, two documents the Court already found admissible. Advanced Bionics recognizes this fact in its response to this motion. As to the 2007 statements, the Court finds the substance of those statements irrelevant under Fed. R. Evid. 401. The statements do not tend to make a material fact more or less probable. The issues that comprise this litigation are the defectiveness of the Vendor B HiRes 90k and Advanced Bionics' negligence. While the FDA investigations as embodied within the Form 483s are relevant evidence thereof, that some FDA official told another FDA official, who told an Advanced Bionics employee that the FDA sought to find regulatory violations, even if true, has a tenuous connection to the principal issues in this case. Accordingly, the informal statements of FDA investigators are inadmissible.

### III.

The third motion *in limine* deals with adverse events for other cochlear implant manufacturers. Specifically, in 2009, Cochlear Americas, the market leader in cochlear implant manufacture and Advanced Bionics' principal competitor, received FDA approval for its Nucleus 5 Series cochlear implant. Two years later, Cochlear Americas initiated a voluntary recall of two lines of its Nucleus 5 Series due to excessive device failures attributed to hermeticity issues. Plaintiffs move to exclude evidence of this recall. The Court finds that evidence of another corporation's recall of another device years after the malfunctioning of the allegedly defective device in this case is irrelevant. That evidence does nothing to make a fact of issue more or less probable, so is excluded under Fed. R. Evid. 402. Just because another manufacturer had similar

issues seven years after Advanced Bionics first discovered its hermeticity issues does not make Advanced Bionics' conduct more or less reasonable. Proper experts can explain the industry standard at the time Advanced Bionics manufactured B.S.'s device, testify to what risks are inherent in manufacturing a cochlear implant and opine on the risk-utility balance involved in making certain design and manufacturing decisions concerning the production of cochlear implants. Therefore, the probative value of this evidence is minimal and outweighed by its potential to engender confusion of the issues and mislead the jury.[1]

In sum, this evidence is inadmissible under both Fed. R. Evid. 402 and Fed. R. Evid. 403.

IV.

Advanced Bionics moved to exclude four groups of evidence. Plaintiffs agree not to present any evidence of two of those groups. Accordingly, Advanced Bionics' motion is sustained as to the magnet and external accessory recalls and meningitis risk warning sent out in 2002. The other two groups of evidence require a bit more discussion.

On November 23, 2010, Advanced Bionics voluntarily recalled unimplanted HiRes 90k devices, because two devices out of the 28,000 manufactured experienced a short in the hybrid circuit. Advanced Bionics argues that this recall is irrelevant to the present case, and this Court agrees. Advanced Bionics manufactured the HiRes 90ks that were the subject of the 2010 recall years after it manufactured the HiRes 90k at issue in this litigation. Moreover, the problem at issue in the 2010 recall has nothing to do with hermeticity issues, the principal problem in the case *sub judice*. Any relevance to punitive damages Plaintiffs assert is inapposite. It is axiomatic that evidence supporting punitive damages must relate to the harm Advanced Bionics caused to

---

[1] The Court notes that Plaintiffs may open the door to this evidence in a number of ways, but the Court will not deny the motion on this possibility alone. The Court will address those arguments if and when they occur.

7

Plaintiffs. Plaintiffs have proved no such connection here, so evidence of the 2010 recall is irrelevant.

Plaintiffs argue that this evidence is relevant to show the feasibility of alternative measures, but evidence of alternatives must reflect on the time when Advanced Bionics manufactured the device. Advanced Bionics manufactured these devices years later. Moreover, using this evidence to show a more proper response time for initiating a recall after the discovery of device failures does not make the evidence any more relevant. That Advanced Bionics acted one way years after the device at issue failed does not bear on Advanced Bionics' conduct for the present case. Finally, the Court finds Plaintiffs' argument that this evidence is relevant for impeachment purposes should Advanced Bionics claim that this device is "the best" or "the safest" inapposite. Advanced Bionics issued a recall in 2006 of the same device implanted in B.S.'s head. Therefore, the probability that Advanced Bionics could make either argument is slim, and would open the door to the introduction of a lot of evidence to the contrary.

Advanced Bionics also moved to exclude evidence of post-recall shipments of HiRes 90k implants with AstroSeal feedthrus at a time when Advanced Bionics was not to manufacture these devices. Like the evidence of the 2010 recall, the Court finds this evidence irrelevant. Plaintiffs did not receive one of the post-recall shipped devices, and therefore, these devices did not cause any harm to Plaintiffs. To be sure, the shipment of these devices could have hurt some person, but these devices are not appurtenant to the present case.

Plaintiffs' argument that this evidence is relevant to combat good faith or to support punitive damages expands these generalized arguments beyond their permissible bounds. Advanced Bionics can only argue good faith to combat Plaintiffs' claims for negligence and product liability. Plaintiffs

cannot therefore introduce evidence to prosecute Advanced Bionics for wrongs outside the scope of the harm Plaintiffs suffered as embodied in those two causes of action. The same is true for the punitive damages argument. Plaintiffs are not permitted to introduce every act of potential malfeasance Advanced Bionics ever purportedly made. Rather, Plaintiffs can introduce evidence pertaining to the Plaintiffs' injury to support punitive damages. Accordingly, this evidence is inadmissible as irrelevant and outside the scope of this case, and Advanced Bionics' motion will be sustained in its entirety.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion to have requests for admission deemed admitted and to compel answers to an interrogatory (DN 72) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion to exclude informal FDA comments and remarks as hearsay (DN 85) is SUSTAINED.

IT IS FURTHER ORDERED that Plaintiffs' motion to exclude evidence of adverse events in other manufacturers (DN 86) is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's motion *in limine* to exclude evidence of unrelated product recalls and other issues (DN110) is SUSTAINED.

cc:     Counsel of Record