UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00450-TBR

BRIAN and MICHELLE SADLER,                                  PLAINTIFFS
Individually and on behalf of their Minor Child, B.S.

v.

ADVANCED BIONICS, LLC                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Advanced Bionics, LLC's "Motion *In Limine* No. 8 – Omnibus Motion." (ECF No. 113.) Plaintiffs Brian and Michelle Sadler, individually and on behalf of their minor child B.S., have responded, (Docket No. 136), and Defendant has replied, (ECF No. 158). This matter is now ripe for adjudication.   In their instant omnibus Motion, Defendants move to exclude evidence of, or reference to, each of the following nine items:

(1) Any request or suggestion that the jury put themselves in Plaintiffs' position;

(2) Commentary about the size of either legal team;

(3) Commentary about out-of-state parties or witnesses;

(4) Opinions of counsel;

(5) Commentary regarding discovery or discovery issues;

(6) Reference to Defendant's insurance coverage;

(7) Commentary regarding absent witnesses for the defense;

(8) Use of videotaped deposition excerpts during opening statements or

(9) Evidence of other lawsuits or failures.

ECF No. 113, at 1.

Plaintiffs agree or have no objection to item #1 (the so-called "Golden Rule"), item #2 (the size of either legal team), and item #6 (references to insurance coverage), so long as the exclusion is reciprocal.  ECF No. 136, at 1, 4.  Accordingly, the Court need not address item numbers 1, 2, and 6, and Defendants Motion relative to these items will be sustained insofar as both parties agree to the reciprocal exclusion of this evidence.

The remaining items Defendant seeks to exclude are, to varying degrees, more contentious and thus will be addressed individually in the numerical order they are presented.

### I. Item # 3 – Commentary about out-of-state parties or witnesses

Defendant seeks to exclude any reference to the out-of-state residence of the Defendant and its employees, and of Defendant's counsel.  ECF No. 113-1, at 3.  In essence, the Court reads Defendant's Motion as seeking to prohibit Plaintiffs from attempting to prejudice the jury by characterizing Defendant as "an out-of-state outsider," appealing to local bias against Defendant on account of it being an out-of-state resident, or developing an "'us-against-them' argument that attempt[s] to pit the community against a nonresident corporation."  ECF No. 158, at 2.  The only binding case law cited by Defendant is *Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir. 1980).

The Court finds no reason to prohibit counsel for either party from inquiring as to a party or witness's address or residency on the basis that such inquiry necessarily would unfairly prejudice Defendant's case.  The Court will therefore deny Defendant's Motion to exclude commentary about out-of-state parties or witnesses at this time; should the issue arise at trial, it may be raised and

2

addressed then at the appropriate juncture.  The Court assumes counsel will not attempt to use this evidence in an inappropriate manner.

## II. Item #4 – Personal opinions of counsel

Defendant moves to exclude "any statements by counsel that include or imply personal opinions." ECF No. 113-1, at 4.  Plaintiffs object to the extent Defendant argues that counsel should not be allowed to argue their case in closing argument.  ECF No. 136, at 3.  Defendant replies, stating that the "opinions of counsel" it seeks to exclude are those relative to what counsel "believe the evidence shows regarding [Defendant's] character, motives and credibility."  ECF No. 158, at 3-4.  Because personal opinions of counsel are not relevant, the Court will sustain Defendant's Motion to exclude such evidence consistent with the reasoning above in *Collins*, the controlling law of this Circuit, and the Federal Rules of Evidence.

## III. Item # 5 – Commentary regarding discovery or discovery disputes

Defendant moves to exclude mention of the parties' pretrial positions and discovery disputes, arguing that such evidence is not relevant to the determination of liability and damages.  ECF No. 113-1, at 4.  At this time the Court will deny Defendant's Motion to exclude commentary about discovery or discovery disputes; should the issue arise at trial, it may be raised and addressed then at the appropriate juncture.

## IV. Item # 7 - Commentary regarding absent witnesses for the defense

Defendant seeks to preclude Plaintiffs from making any references to absent witnesses on the basis that such commentary would be unfairly prejudicial under Fed. R. Evid. 403 or is irrelevant under Fed. R. Evid. 402.  ECF No. 113-1, at 5.  Plaintiffs cite a pair of nonbinding decisions by the Fifth Circuit to argue that the "uncalled witness rule" permits the jury to draw a negative inference

from a party's failure to call a witness that is peculiarly within its power to call.  (Docket No. 136, at 4.)  Plaintiffs further urge that because any such commentary would be made only during closing argument, this request should be held in abeyance until after the close of proof, stating that "Plaintiffs agree to advise the Court and opposing counsel outside the presence of the jury if such a statement would be made."  ECF No. 136, at 4.  Defendant replies with its own nonbinding authority, this time by the Seventh Circuit, maintaining that the "uncalled" or "missing witness rule" is inapplicable here.  ECF No. 158, at 5-6.

In a now-dated opinion, but one that nonetheless remains good law, the Sixth Circuit held: "Our understanding of comment to the jury on the absence of an important witness would take the form of pointing out the fact that such and such a witness was not called, why wasn't he called? etc." *Gafford v. Trans-Tex. Airways*, 299 F.2d 60, 64 (1962).  The court went on to conclude that "whether counsel could comment to the jury on the absence of . . . a witness . . . would have been entirely within [the trial court judge's] discretion to allow it or not." *Id.*  As Plaintiffs say, "[s]uch a comment would be made only within closing argument, and only after the parties have presented their proof."  ECF No. 136, at 4.  As such, the Court agrees with Plaintiffs that this request need not be addressed at the present juncture and may be appropriately dealt with at the close of proof.

Therefore, at this time the Court will deny Defendant's motion to exclude any reference to absent witnesses for the defense.  In accordance with Plaintiffs' agreement to do so, counsel shall advise the Court and opposing counsel outside the jury's presence if such a comment will be made, at which point any objection by the opposing party appropriately may be raised and addressed.

V. Item #8 – Use of videotaped deposition excerpts during opening statements or closing arguments

Defendant moves to preclude Plaintiffs from exhibiting any videotaped deposition clips during Plaintiffs' opening statements or closing arguments on the basis that such evidence would be unfairly prejudicial because it would emphasize testimony by mere repetition.  ECF No. 113-1, at 6.  Defendant argues that "such opportunity for drilling the testimony into the jury's heads would not exist for a live witness, as a live witness may not testify repeatedly."  ECF No. 113-1, at 6.  In support, Defendant cites a nonbinding decision by the Northern District of California in which that court admonished the practice of showing videotaped deposition excerpts in opening statements on the basis that "[r]epeatedly showing the same deposition segments seems to exalt the relevance of those videotaped shreds of evidence over live testimony."  *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 190990, *1 (N.D. Cal. Jan. 21, 2008).  Plaintiffs respond that the use of video clips is no different than reading a transcript and that to prohibit their use "is a harsh sanction without justification."  ECF No. 136, at 4.  Plaintiffs further argue that other courts have allowed the use of videotaped deposition transcripts during opening statements and that their use would be proper here, "especially if the clips were identified beforehand" to opposing counsel.  ECF No. 136, at 6.

The Court is cognizant of the *Hynix* court's concern that the use of videotaped deposition excerpts during opening statements or closing arguments could emphasize testimony by sheer repetition.  However, the Court is aware of no authority prohibiting such a practice.  In fact, the district court in *Hynix* acknowledged that "[t]here is sparse case law on whether a court should permit parties to play portions of video depositions in their opening statements."  2008 WL 190990, at * 1.  The *Hynix* court even referred to "one respected treatise [that] recommends the practice as

5

'very effective' advocacy." *Id.* (referencing Jones, Rosen, Wegner, & Jones, *Rutter Group Practice Guide: Federal Civil Trials & Evidence* ¶¶ 6:272-6:275 (2007)).  Moreover, it appears that other courts have condoned the practice.  *See MBI Acquisition Partners, L.P. v. Chronicle Publ'g Co.*, 2002 WL 32349903, *1 (W.D. Wis. Oct. 2, 2002).

The Court conferred with counsel for both parties regarding this issue in a telephonic conference held Thursday, March 28, 2013.  In accordance with the Court's instructions to counsel during that conference, the Court orders that counsel shall provide opposing counsel copies of the video excerpts they intend to use during opening statements prior to trial.  Any objections thereto should be brought to the Court's attention.  If this testimony is otherwise admissible at trial and is not unnecessarily lengthy, the Court may consider allowing this procedure for both parties.

## VI. Item #9 – Evidence of other lawsuits or failures

Finally, Defendant moves to preclude Plaintiffs from offering evidence of, or referring to, other lawsuits filed against Defendant, whether still pending or resolved, on the basis that such evidence is not relevant under Fed. R. Evid. 401.  ECF No. 113-1, at 7.  Defendant also argues that evidence of other incidents or failures is not admissible to prove a defect, is not relevant to punitive damages under a reprehensibility analysis, and should be excluded as inadmissible hearsay evidence under Fed. R. Evid. 802 and inadmissible character evidence under Fed. R. Evid. 404(b).  ECF No. 113-1, at 8-9.

Plaintiffs argue that evidence relative to other lawsuits may be admissible for two reasons: (1) because Defendant's employees and representatives executed affidavits and gave deposition testimony in other cases, Plaintiffs should be allowed to introduce that prior sworn testimony and those sworn declarations for impeachment purposes under Fed. R. Evid. 613 and 801(d)(2); and (2)

6

"if [Defendant] opens the door to other lawsuits for whatever reason, Plaintiffs should be entitled to act accordingly." ECF No. 136, at 7. Plaintiffs further argue that the mention of other device failures is admissible to show notice of failure. "To try and make the jury believe B.S.'s device was the first and only problem device would be beyond prejudicial." ECF No. 136, at 7.

The Court agrees with Defendant that evidence of the *number* of other lawsuits filed against Defendant should be excluded as irrelevant and because the risk of unfair prejudice substantially outweighs any probative value of this evidence. *See generally McCleod v. Parsons Corp.*, 73 F. App'x 846 (6th Cir. 2003) (holding that evidence of other discrimination lawsuits against defendant-employer was not relevant and that the potential for prejudice would substantially outweigh its probative value and risk misleading the jury).

The Court also agrees with Defendant that evidence of other device failures is not admissible to prove that the particular product in question here was defective, but would be admissible to show notice of a possible defect. *See Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 573 (6th Cir. 2004). Therefore, any evidence of device failures occurring after Plaintiff B.S. received her implant would not be relevant to the issue of whether Defendant had notice of a possible defect.

Furthermore, the Court agrees with Defendant that evidence of other lawsuits, pending or settled, generally is not admissible for purposes of punitive damages. Due process requires that punitive damages be based on the defendant's conduct and the harm and/or potential harm to the plaintiff, and not on the harm and/or potential harm to nonparty victims. *See Phillip Morris USA v. Williams*, 549 U.S. 346, 353-55 (2007). But, the Supreme Court has also made clear that evidence of actual harm to nonparties may be relevant under a reprehensibility analysis. *Id.* at 355 ("[Defendant] . . . does not deny that a plaintiff may show harm to others in order to demonstrate

7

reprehensibility.  Nor do we.  Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff . . . was particularly reprehensible.").

The jury may not, however, "go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is *alleged* to have visited on nonparties."  *Id.* (emphasis added).  Therefore, the Court concludes that any otherwise admissible evidence of other device failures, insofar as that evidence shows actual harm to nonparties, may be admissible for purposes of determining reprehensibility, but not for purposes of using a punitive damages verdict to punish Defendant for harm allegedly caused to nonparties.  Counsel shall approach the Court and seek leave prior to introducing this evidence at trial.

The Court defers ruling on whether affidavits or deposition testimony from other cases may be admitted for impeachment purposes or if Defendant "opens the door" to such evidence.  These issues appropriately may be raised and addressed, if necessary, at trial.  If such evidence is allowed, it will be referred to as "prior sworn testimony" with no mention of other litigation.  Counsel shall seek approval by the Court before seeking to introduce such testimony.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's "Motion *In Limine* No. 8 – Omnibus Motion," (ECF No. 113), is SUSTAINED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's Motion to exclude any request or suggestion that the jury put themselves in Plaintiffs' position and commentary about the size of either legal team is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's Motion to exclude commentary about out-of-state parties or witnesses is DENIED.

8

IT IS FURTHER ORDERED that Defendant's Motion to exclude any statements by counsel that include or imply personal opinions is SUSTAINED.

IT IS FURTHER ORDERED that Defendant's Motion to exclude commentary about discovery or discovery disputes is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to exclude any reference to absent witnesses for the defense is DENIED.  Counsel shall advise the Court and opposing counsel outside the jury's presence if such a comment will be made.

IT IS FURTHER ORDERED that Defendant's Motion to preclude Plaintiffs from exhibiting any videotaped deposition clips during Plaintiffs' opening statements or closing arguments is DENIED.  Counsel shall provide opposing counsel copies of the video excerpts they intend to use during opening statements prior to trial.  Any objections thereto should be brought to the attention of the Court.

IT IS FURTHER ORDERED that Defendant's motion to exclude evidence of the number of other lawsuits filed against Defendant is SUSTAINED.  Defendant's motion to exclude evidence of other device failures is SUSTAINED to prove liability, but DENIED to prove notice or reprehensibility for punitive damages.  Counsel shall seek approval by the Court before seeking to introduce affidavits or deposition testimony from other litigation for impeachment purposes.

cc:      Counsel of Record