UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00450-TBR

BRIAN and MICHELLE SADLER,                                        PLAINTIFFS
Individually and on behalf of their Minor Child, B.S.

v.

ADVANCED BIONICS, LLC                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Brian and Michelle Sadler bring this action individually, and on her behalf, against Advanced Bionics, the manufacturer of her cochlear implant.  Allegedly, the product was defective.  After a motion in summary judgment dismissed many of Plaintiffs' claims on preemption grounds, Plaintiffs presently pursue this case on two theories of liability, strict liability and negligence.  The Court now addresses Plaintiffs' motion on selected testimony (ECF No. 89), and finds that the motion is sustained in part and denied in part.

I.

Both parties agree that some areas of selected testimony are inadmissible. Accordingly, the Court will sustain the motion as to the following areas of testimony:

(1) Evidence from expert witnesses who were not identified as such;

(2) Evidence from expert witnesses that is outside the scope of their written opinion or pretrial deposition testimony[1];

(3) Evidence regarding Plaintiffs' financial condition;

---

[1]  To the extent expert witnesses seek or attempt to opine on new evidence, parties must present this evidence to the Court outside the presence of the jury.

(4) Evidence regarding payment to Plaintiffs' or Defendant's attorneys;

(5) Evidence of counsels' family illnesses; and

(6) Commentary that counsel know what the Plaintiffs are going through.

Further, the Court can dispose of several selected areas without much discussion. The Court will exclude statements that Advanced Bionics' employees have Advanced Bionics cochlear implants and are satisfied with their experience.  The Court will also exclude commentary from any Advanced Bionics witnesses about themselves or family members who have or to whom they have recommended Advanced Bionics implants.  This evidence is irrelevant and has tendency to prejudice a jury that far outweighs its slight probative value.

The Court also will exclude evidence that the parties did not produce in discovery, because as a general matter, parties are confined to present the evidence produced in discovery.  Where the parties seek to present newly discovered evidence, the parties should apprise the Court of that evidence outside the presence of the jury, and the Court will address any objections thereto at the time.

Finally, the Court sustains the motion to exclude evidence that Mr. and Mrs. Sadler are divorced or had marital problems, because this Court already determined that Mr. and Mrs. Sadler cannot collect emotional damages (ECF No. 174), rendering this motion moot. Any residual purpose this evidence may serve is irrelevant and unnecessarily prejudicial. However, the Court notes that in pretrial discussion, counsel for the Plaintiff indicated he intended to inform the jury that the parents were divorced.

Plaintiffs isolated several other areas of testimony to exclude. The Court will address those in turn.

II.

Plaintiffs seek to exclude statements showing that the benefits of a cochlear implant outweigh the risks associated with moisture failure. The relative benefits and risks associated with a design are pertinent considerations for strict liability and negligent design defect claims. *See Stevens v. Keller Ladders*, 1 F. App'x 452, 462 (6th Cir. 2001)(concluding that although Kentucky has not adopted the risk-benefit rule, "consideration of the relative risks and benefits of a particular design may be a proper factor to be considered together with the other factors mentioned in *Nichols* [*v. Union Underwear Co.*, 602 S.W.2d 429 (Ky. 1980)] in determining whether an ordinarily prudent manufacturer would put the product on the market."). Accordingly, the Court will permit the introduction of such evidence.

III.

Plaintiffs next seek to exclude references to the Alfred Mann Foundation and other good deeds attributed to Advanced Bionics. Al Mann is the founder and majority shareholder of Advanced Bionics, and his foundation is a philanthropic endeavor with the purpose of helping society. Al Mann's character is not at issue in this case, and presumably, attacks on his character are impermissible. Moreover, Al Mann's personal wealth is not at issue in this case, so evidence thereof is irrelevant. The Federal Rules of Evidence do not permit parties to bolster the credibility of nonparties whose characters have yet to be attacked. Therefore, this evidence is inadmissible as outside the scope of this litigation and

3

irrelevant.  The Court will reserve ruling on the admissibility of this evidence if Plaintiffs open the door thereto until such time as this occurs.

The good deeds of Advanced Bionics are likewise irrelevant.  Under Fed. R. Evid. 401, evidence is relevant if "it has any tendency to make the existence of a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action."  Evidence of Advanced Bionics' good deeds does not make a material fact any more or less likely.  Evidence bolstering the character of Advanced Bionics employees who have yet to be assailed is impermissible, for the reasons stated above.[2]  If either party opens the door to this evidence, the Court will address the issues as they are brought up at trial.

IV.

In this Court's March 26, 2013 Order (ECF No. 182), the Court found issues relating to earlier generations of the cochlear implant generally outside the scope of this case and irrelevant.  Consequently, and to maintain consistency with that order excluding evidence of prior generation device failures, the Court will exclude the success rates of the C1.2. However, the CII presents a closer case.

Advanced Bionics objects to the exclusion of evidence of the CII, because the feedthru in the HiRes 90k is based on the feedthru design for the CII.  Further, Advanced Bionics contends that it chose testing procedures for the HiRes 90k based on the testing

---

[2]  If David Morely is called as a witness, Advanced Bionics will be permitted to explain, without much detail, the reason for his separation from Advanced Bionics.  The Court finds this evidence relevant and not unduly prejudicial, so long as this portion of the testimony is limited.  To the extent Plaintiffs move to exclude this evidence, then, the Court denies the motion.

procedures of the CII.  Advanced Bionics thus maintains that the evidence is relevant. Plaintiffs argue that the feedthru in the CII was completely different from the HiRes 90k, the CII experienced several failures due to moisture, and evidence of its success rate is therefore unduly prejudicial.  The Court agrees that this evidence is relevant, and therefore will not exclude evidence of the CII success rate.  However, if Advanced Bionics introduces evidence of the success rates of the CII, Plaintiffs may be entitled to rebut that evidence with failure rates of the CII.  Inclusive in that rebuttal evidence may be evidence that this Court has already deemed outside the scope of the case.  Therefore, if Advanced Bionics opens the door to the introduction of some already excluded evidence, this may open the door for Plaintiffs to reexamine previously excluded testimony as possible rebuttal evidence.

V.

Plaintiffs move to exclude evidence regarding the effect of this or other lawsuits on insurance rates, the cost or availability of medical devices, the ability of device manufacturers to develop new products, the profitability of medical device companies, or the impact of this litigation on Advanced Bionics' employees.  Advanced Bionics appears to concede that this evidence is inadmissible for liability purposes, but contends that evidence concerning Advanced Bionics' ability to continue as a going concern is admissible to mitigate punitive damages.  "Kentucky courts have long held that 'in actions for punitive damages the parties may not present evidence or in any way advise the jury of the financial conditions of either side of the litigation.'" *In re Bluegrass Marine, Inc.*, 2008 WL 185813, *2 (W.D. Ky. Jan. 18, 2008)(quoting *Hensley v. Paul Miller Ford, Inc.*, 508 S.W.2d 759,

764 (Ky. 1974)).  The Court has already excluded some evidence on these grounds.  *See* ECF No. 175. Therefore, the fact that Advanced Bionics may not continue as a going concern is not a relevant consideration for punitive damages, and this evidence is inadmissible.

## VI.

Plaintiffs seek to prevent experts from proffering opinions that are not supported by admissible facts.  However, this request does not track the Federal Rules of Evidence on this issue.  Under Fed. R. Evid. 703, experts are permitted to rely on inadmissible evidence to the extent that "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion." The expert may disclose these facts to the jury if they maintain "probative value in helping the jury evaluate the opinion [that] substantially outweighs their prejudicial effect." Fed. R. Evid. 703. In accordance with this rule, the Court will allow experts to testify to opinions based on admissible evidence or evidence that falls within the bounds of Rule 703.  Plaintiff may raise the appropriate objections at trial if they believe this testimony is improper under the Federal Rules of Evidence.

## VII.

The Court reserves ruling on the issue of whether Advanced Bionics can introduce evidence disputing the reasonableness and necessity of Plaintiffs' medical expenses.  The Court will take up this motion in a subsequent order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion on Selected Testimony (ECF No. 89) is SUSTAINED IN PART and DENIED IN PART consistent with the foregoing Opinion.


Date:


cc:      Counsel